## WHAT CONSTITUTES THE LEVYING OF AN ASSESSMENT.

Circuit Court of Cuyahoga County.

JOHN WAGEMAN v. CITY OF CLEVELAND.

Decided, February 7, 1910.

*Assessment—Levying Of.*

To "levy an assessment" within the purview of Section 1536-213, Revised Statutes, is to fix the amount to be paid as an assessment and not to compel its payment.

*George C. Hafley,* for plaintiff in error.
*Newton D. Baker* and *C. D. Wilkin,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Plaintiff brings his action praying for an injunction against the defendant to prevent the collection of certain assessments made or attempted to be made by the city upon certain real estate of the plaintiff lying within the limits of the city. It appears that on the 31st day of September, 1901. the city made certain assessments on the property of the plaintiff for the construction of a sewer, which assessments were made payable in five installments, beginning with 1901 and ending in 1905, the first half of the last installment being payable December 20, 1905. That on the 13th of April, 1906, the city passed another ordinance, assessing this same property for a street improvement, payable in five installments, beginning with 1906 and ending with 1910.

The claim on the part of the plaintiff is that the assessments provided for in each of these ordinances constitutes the levying

of an assessment as that word is used in Section 1536-213 of the
Revised Statutes. (It should here be said as to each of these
assessments that they were levied to be paid according to bene-
fits.) It is provided in the section of the statute named that:

"In all cases of assessments the council shall limit the same
to the special benefits conferred upon the property assessed, and
in no case shall there be levied in any lot or parcel of land in
the corporation any assessment or assessments for any or all
purposes, within a period of five years, exceeding 33 1-3 per
cent. of the actual value thereof after the improvement is made."

We hold that the word "levy" as used in this statute, clearly
means the fixing of the amount to be paid by the assessments.
The claim made here by the defendant that the word "levy,"
as used here, is used in the sense of "compel to pay" is not
sound. The language is: "and in no case shall there be levied
any assessment or assessments." We can not doubt that the
meaning of the statute clearly is that the council shall not fix
assessments to be paid in excess of the limit named, within the
specified period of five years. This is clearly shown by the
construction put upon this section by the Supreme Court in the
case of *Gray* v. *City of Toledo*, 80 Ohio St., 445. The statute
then under consideration was Section 53 of the Municipal Code,
passed October 22, 1902, found in 96 O. L., 40, and reads:

"In no case shall there be levied upon any lot or parcel of land
in the corporation any assessment or assessments for any or all
purposes within a period of five years exceeding 33 per cent. of
the tax value thereof."

It will be noticed that the language is the same as that of the
statute now under consideration except that the percentage of
the assessment was to be but 33, while here it is 33 1-3 per cent.,
and the basis for the estimate of this per cent. is the tax value of
the property, while in the present statute it is the value of the
property after the improvement is made. But the words "as-
sessment" and "levied" are used in exactly the sense in which
they are used in the present statute, and yet the syllabus of the
case reads:

"Section 53 of the municipal code of 1902 (Section 1536-213, Revised Statutes, prior to the amendment of April 21, 1904, 97 O. L., 126) which provided that assessments upon a lot for any and all purposes, within a period of five years, were limited to thirty-three per centum of the tax value thereof," etc.

So that the court uses the word "assessment" as synonymous with the word "levied."

We are then brought to the question whether the assessments provided for in the two ordinances to which attention has been called and the second of which was passed less than five years after the passage of the first, made a levy in excess of 33 1-3 per cent. of the value of the property, after the improvements were made. The evidence in this record is conflicting, but we think the valuation, as fixed by the appraisers appointed by the city, is fair and just, and we adopt it. This shows that the levy made by the last ordinance when added to that made by the first, aggregates considerably more than the limit provided for by the statute, and to the extent of such excess the defendant will be enjoined from making collection of the assessment.

In determining the amount beyond which collection is enjoined interest will be included.